**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ORIBEL PTE. LTD., | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00977-JRG |
| CARTER'S RETAIL, INC. ET AL., | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

The Court held a Pretrial Conference in the above-captioned case on September 8, 2026. At the conference, the Court ruled on several pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff Oribel Pte. Ltd. ("Plaintiff") and Defendants Carter's Retail, Inc., The William Carter Company, and Skip Hop (collectively, "Defendants") (collectively, the "Parties") (Dkt. Nos. 181, 107, 106, 108, 105, 99, 100, 104, 172, and 174). This Order memorializes the Court's rulings on the pretrial motions and MILs as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

**1. Defendants' Opposed Motion to Continue Trial Date (Dkt. No. 181)**

The Court released this case from September and October trial dates. Accordingly, the motion was **DENIED AS MOOT**.

**2. Defendants' Motion to Exclude Certain Opinions and Testimony of Dr. Kimberly Cameron (Dkt. No. 107)**

The motion was **DENIED**.

The portion of the motion regarding secondary considerations of non-obvious was **denied as moot**. The Parties agree this issue is moot in light of Defendants withdrawing their invalidity defenses.

The remaining portions of the motion regarding Dr. Camron's opinions on seat testing and meeting claim limitations were **denied**.

**3. Plaintiff's Motion to Strike Portions of Joel Delman's Expert Reports (Dkt. No. 106)**

The motion was **GRANTED IN PART**.

Regarding Mr. Delman's non-infringement opinions, the Court **granted** the motion in part. Specifically, the Court struck paragraphs 106 and 116 in their entirety but otherwise **denied** that portion of the motion.

The Parties agree the remaining portions of the motion—undisclosed references, motivations to combine, conclusory opinions about prior art references, and improper and irrelevant opinions under controlling law—are moot. Accordingly, the remainder of the motion is **denied as moot**.

**4. Defendants' Motion to Exclude Certain Opinions and Testimony of Dr. Matthew Farber (Dkt. No. 108)**

The motion was **DENIED** in its entirety.

**5. Plaintiff's Motion to Exclude Certain Opinions of Garrett Glover (Dkt. No. 105)**

The motion was **GRANTED IN PART**.

Regarding design-around costs, the motion was **denied**.

Regarding Defendants practicing their own patents, the motion was **granted**.

**6. Plaintiff's Motion for Partial Summary Judgment on Defendants' Fourth, Fifth, Sixth, Eighth, and Eleventh Affirmative Defenses (Dkt. No. 99)**

The motion was **GRANTED**.

Regarding Defendants' fourth, fifth, sixth, and eleventh defenses, the Parties agree Defendants do not oppose these parts of the motion. Accordingly, this portion of the motion was **granted as unopposed**.

Regarding Defendants' defense of prosecution history estoppel, the Parties agree Defendants do not oppose this part of the motion. Accordingly, this portion of the motion was **granted as unopposed**.

Regarding Defendants' defense of disclaimer, this portion of the motion was **granted**. As of the hearing there were no live claim construction issues before the Court. The Court instructed the Parties that prosecution disclaimer is not an affirmative defense in a trial on the merits before the jury.

**7. Defendants' Partial Motion for Summary Judgment of Noninfringement (Dkt. No. 100)**

The motion was **DENIED**.

Regarding non-infringement of claim 1 and its dependent claims, the motion was **denied as moot** in view of Plaintiff's removal of claim 1 from its final election of amended claims.

Regarding non-infringement of claim 18 and its dependent claims, the motion was **denied**.

**8. Defendants' Motion for Summary Judgment of No Pre-Suit Damages, No Pre-Suit Willful Infringement, and No Lost Profits (Dkt. No. 104)**

The motion was **GRANTED IN PART**.

Regarding pre-suit damages, the motion was **granted**. The Court found that Plaintiff failed to show reasonable efforts to ensure substantial compliance for marking. The only evidence Plaintiff put forth as to reasonable efforts was that Plaintiff told its manufacturer, Meiban, to tell

Plaintiff's packaging entity to make sure the products were marked. Plaintiff did not represent that it had any contract or line of communication beyond its original statement to Meiban to instruct the packaging entity to mark appropriately. As a result, Plaintiff failed to mark sixty-one percent of patent practicing units between 2021 and 2023. The Court found such failure to be a lack of substantial compliance that was probative of the lack of reasonable efforts.

Regarding no willful pre-suit infringement, the motion was **granted**. Failure to comply with the marking statute prohibits recovery of pre-suit damages.

Regarding recovery of non-party Oribel Inc.'s lost profits, the motion was **denied**.

Regarding recovery of Plaintiff's own lost profits, the motion was **denied**.

**9. Parties' Opposed Motions *in Limine* (Dkt. Nos. 172, 174)**

*a. Plaintiff's Motion* in Limine *1: any argument, evidence, testimony regarding, or references to, Plaintiff's "waiting to file" or "taking too long to file" suit against Defendants, or any other similarly derogatory or pejorative commentary or testimony on the timing of Plaintiff's filing suit.*

This MIL was **DENIED**.

*b. Plaintiff's Motion* in Limine *2: any argument, evidence, or testimony regarding or references to, any planned or anticipated redesigns or design-arounds of the Accused Products that Defendants did not timely disclose during the discovery period, or otherwise withheld discovery about on the basis of privilege.*

This MIL was **GRANTED**.

*c. Plaintiff's Motion* in Limine *3: Any argument, evidence, or testimony regarding, or references to, the profitability or commercial success of Plaintiff as a company overall, or any of Plaintiff's products other than the PortaPlay activity centers.*

This MIL was **GRANTED AS AMENDED**. The Parties agree Defendants are precluded from advancing any argument, evidence, or testimony regarding or references to the profitability or commercial success of Plaintiff as a company overall on any of Plaintiff's products other than the PortaPlay activity centers. The Parties agree this limine does not preclude Defendants from

arguing to the jury that Oribel Inc., instead of Oribel Pte. Ltd., sells activity centers in the United States.

d. *Plaintiff's Motion* in Limine *4: Any argument, evidence, or testimony regarding, or references to, Defendants' practice of their own patents as a defense to infringement.*

This MIL was **GRANTED AS UNOPPOSED**.

e. *Plaintiff's Motion* in Limine *5: Any argument, evidence, or testimony that compares the Accused Products to prior art.*

This MIL was **GRANTED AS AGREED**.

f. *Defendants' Motion* in Limine *1: To preclude all evidence and testimony suggesting that Skip Hop had knowledge of the '437 Patent, or that Skip Hop withheld information from the USPTO, based on the prosecution history or list of references cited in Skip Hop's patents or applications.*

This MIL was **GRANTED IN PART** but otherwise denied.

Regarding introducing evidence and testimony suggesting that Skip Hop withheld information from the USPTO, the MIL was **granted as agreed**.

Regarding introducing evidence and testimony suggesting Skip Hop had knowledge of the '437 Patent, the MIL was **denied**.

g. *Defendants' Motion* in Limine *2: To preclude all evidence and testimony regarding Skip Hop's benchmarking.*

This MIL was **GRANTED IN PART**.

Regarding the term "copying," the MIL was **granted**.

Regarding the terms "benchmarking" and "reverse engineering," the MIL was **denied**.

h. *Defendants' Motion* in Limine *3: To preclude all evidence, testimony, and argument regarding Skip Hop's alleged offer to purchase the PortaPlay concept from Oribel.*

This MIL was **GRANTED**.

i. *Defendants' Motion* in Limine *4: To Preclude Evidence or Argument Concerning the Identity of Oribel's Packaging Supplier or Any Information Relating to That Supplier Not Disclosed During Discovery.*

This MIL was **WITHDRAWN**.

j. *Defendants' Motion* in Limine *5: No evidence, argument, or inference suggesting that employees or corporate representatives lack knowledge that is outside of their personal knowledge or the scope of 30(b)(6) topics for which they were designated.*

This MIL was **GRANTED**.

**10. Parties' Exhibit Disputes**

Defendants' exhibits in categories 1, 2, 3, 4, 5, 6, 7, 8, and 10 were **PRE-ADMITTED**.

Plaintiff's exhibits in categories 1, 2, 3, and 4 were **PRE-ADMITTED**.

The Parties are **ORDERED** to jointly produce a list of all pre-admitted exhibits and promptly send the same to the Court via the Courtroom Deputy. Such list shall accurately reflect the results of the Court's rulings during this portion of the pre-trial process.

**So ORDERED and SIGNED this 9th day of October, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE